IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MASTER LENDING GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 4:21-cv-263 |
| TRUIST BANK and WELLS FARGO BANK NATIONAL ASSOCIATION, INC., | ) ) ) | |
| | ) | |
| Defendants. | | |

## MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND MEMORANDUM IN SUPPORT

Defendants Truist Bank ("Truist") and Wells Fargo Bank National Association, Inc. ("Wells Fargo"), pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure and without waiving any objections to this action or any defenses to the claims asserted in the Complaint by Plaintiff Master Lending Group, LLC ("Master Lending"), hereby file this Motion for Leave to File Third-Party Complaint against Hirsch & Tucker, LLC ("Hirsch & Tucker"), respectfully showing the Court as follows:

## I. INTRODUCTION

This case involves tort claims against Truist and Wells Fargo arising out of Truist's alleged payment and Wells Fargo's alleged acceptance for deposit of checks into a certain account maintained at Wells Fargo. As illustrated in the proposed Third-Party Complaint (attached hereto as Exhibit "A"), Hirsch & Tucker may be liable to Truist and Wells Fargo for all or part of Master Lending's claims in this action.

Allowing the Third-Party Complaint will avoid multiplicity of actions, assure consistent results, and avoid the unnecessary expenditure of time and money by the parties and the Court. Additionally, no existing or proposed party will be prejudiced by allowing the Third-Party Complaint. Thus, for the reasons set forth herein, Truist and Wells Fargo respectfully request that they be allowed to file the proposed Third-Party Complaint in this action.[1]

## II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Dean Emerson Flake, a non-party in this action, was an accounts payable processor for Hirsch & Tucker who performed work for Master Lending. Master

---

[1] On January 31, 2022, hours before the filing of this motion, Master Lending moved for leave to file its First Amended, Recaptioned, and Recast Complaint. (Docs. 26; 26-1; 26-2). Master Lending requests leave, in part, to dismiss Wells Fargo as a defendant. (Doc. 26-2, p. 2). If this Court grants Master Lending's request to dismiss Wells Fargo from this action, then Truist seeks this Court's leave to file the proposed Third-Party Complaint only on behalf of Truist.

Lending alleges that in 2016, Mr. Flake began forging signatures on checks drawn on Master Lending's Truist checking account and depositing them in his personal Wells Fargo account. *See Plaintiff's Complaint*, ¶¶ 5-6 (Doc. 1-2, p. 6). In *United States of America v. Dean Emerson Flake*, United States District Court for the Southern District of Georgia, Savannah Division, No. 4:20-cr-00025-WTM-CLR (the "criminal case"), Mr. Flake was indicted for this alleged conduct. (*United States of America v. Dean Emerson Flake*, No. 4:20-cr-00025-WTM-CLR, Doc. 3). He later pleaded guilty and was sentenced by this Court to 20 months in federal prison followed by 13 months of home confinement. (*United States of America v. Dean Emerson Flake*, No. 4:20-cr-00025-WTM-CLR, Docs. 30; 39; 42, p. 2). The criminal case has concluded.

On June 15, 2021, Master Lending filed suit against Truist and Wells Fargo in the State Court of Chatham County, Georgia, Civil Action File Number STCV21-01160 (the "State Court Action"), based on Truist and Wells Fargo's handling of the checks forged and deposited by Mr. Flake. *See generally Plaintiff's Complaint* (Doc. 1-2, pp. 5-8). Truist and Wells Fargo were served with process on June 23, 2021, but Master Lending did not file the proofs of service with the Clerk of the State Court of Chatham County until August 10, 2021. *Id.* at pp. 11-12. Further, the State Court Action did not become removable until September 10, 2021, when Master Lending, in response to Truist and Wells Fargo's discovery requests,

admitted that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1-1, p. 2). On September 17, 2021, Truist and Wells Fargo timely removed the State Court Action to this Court. (Doc. 1). Also on September 17, 2021, Truist and Wells Fargo timely filed and served their answers. (Docs. 2; 3). Truist and Wells Fargo have denied liability and asserted numerous defenses.

According to the allegations in Master Lending's Complaint, Mr. Flake was a Master Lending employee. *See Plaintiff's Complaint*, ¶¶ 5-6 (Doc. 1-2, p. 6). However, records from the criminal case indicate that Mr. Flake was employed by Hirsch & Tucker, not Master Lending. (*See generally United States of America v. Dean Emerson Flake*, No. 4:20-cr-00025-WTM-CLR, Doc. 36). After reviewing the records from the criminal case, Wells Fargo timely sent discovery requests to Master Lending, seeking, in part, to determine the true identity of Mr. Flake's employer. On January 3, 2022, Master Lending, for the first time in this civil action, admitted that Mr. Flake was an employee of Hirsch & Tucker, not Master Lending. (*See* Plaintiff's Responses to Defendant Wells Fargo's First Interrogatories, Response No. 8) (attached hereto as Exhibit "B") ("Mr. Flake was not employed by Master Lending. Mr. Flake was an employee of Hirsch & Tucker, LLC.").[2] Thus,

---

[2] At his deposition on January 28, 2022, Gregory M. Hirsch, the sole member of Master Lending, confirmed that Mr. Flake was an employee of Hirsch & Tucker, not Master Lending. Mr. Hirsch also testified that Master Lending has never employed Mr. Flake.

4

having only recently verified the identify of Mr. Flake's employer, Truist and Wells Fargo have not unreasonably delayed the filing of this motion and proposed Third-Party Complaint.

Further, on November 10, 2021, this Court issued a Scheduling Order which permits the filing of "motions to add parties or amend pleadings" through January 31, 2022. (Doc. 16, p. 2). Thus, this motion is timely.

### III. ARGUMENT AND CITATION OF AUTHORITY

Rule 14(a)(1) of the Federal Rules of Civil Procedure articulates when a defending party may bring a third party into the litigation:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14.

"[W]hether a third-party defendant may be impleaded under Rule 14 [is] a question addressed to the sound discretion of the trial court." *Hunter v. Cont'l Motors, Inc.*, No. CV419-174, 2020 WL 12674313, at *3 (S.D. Ga. Nov. 17, 2020) (alterations in original) (citation and internal quotation marks omitted). "The factors applied when deciding whether to allow a third-party complaint include the prejudice placed on other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and avoiding

5

duplicative suits on closely related issues." *Id.* (quoting *Williams v. Tristar Prod., Inc.*, No. 7:17-CV-66 (HL), 2017 WL 10846619, at *1 (M.D. Ga. Oct. 2, 2017)) (internal quotation marks omitted). "Federal courts have construed Rule 14 liberally to effectuate its purposes." *Scarlett & Assocs., Inc. v. Briarcliff Ctr. Partners, LLC*, No. 1:05-CV-0145-CC, 2008 WL 11336857, at *1 (N.D. Ga. Mar. 28, 2008) (citation and internal quotation marks omitted).

As to the first factor, Master Lending will not be prejudiced. Discovery has just begun, and no dispositive motions have been filed. Only one deposition has been taken, that of Mr. Hirsch (during which he confirmed that Mr. Flake was employed by Hirsch & Tucker, not Master Lending). Further, should the Court see the need to do so, it can "mak[e] adjustments, as reasonable and appropriate, to ensure that the new parties do not suffer any prejudice from being impleaded at this stage of the litigation." *Scarlett & Assocs., Inc.*, 2008 WL 11336857, at *1.

As to the second factor, there has been no undue delay by Truist and Wells Fargo. As mentioned above, Master Lending has sent mixed signals about the identity of Mr. Flake's employer. In its Complaint, Master Lending alleged that Mr. Flake was "an employee of [Master Lending]." *Plaintiff's Complaint*, ¶ 5 (Doc. 1-2, p. 6). More recently, however, Master Lending clarified that Mr. Flake was employed by Hirsch & Tucker, not Master Lending. (*See* Exhibit B, Response No. 8). Accordingly, having only recently confirmed the identity of Mr. Flake's

6

employer, Truist and Wells Fargo have not unreasonably delayed the filing of this motion.

As to the third factor, the proposed claims against Hirsch & Tucker are not without merit or substance. Indeed, Master Lending's only theory of liability against Truist and Wells Fargo is tied directly to Mr. Flake's misconduct while he was employed by Hirsch & Tucker. As noted above, Mr. Flake was indicted for the alleged conduct that forms the basis of Master Lending's Complaint, and he later pleaded guilty and was sentenced by this Court. Assuming, *arguendo*, that Master Lending is successful on its claims against Truist and/or Wells Fargo, it will be because there has been a threshold finding that Mr. Flake engaged in criminal conduct while employed by and under the supervision of Hirsch & Tucker. Thus, if Master Lending prevails on its claims in this action, then Hirsch & Tucker is liable to Truist and Wells Fargo for all or part of the damages incurred as a result. *See generally Williams*, 2017 WL 10846619, at *2 (M.D. Ga. Oct. 2, 2017) ("[I]f a person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him.") (citations and internal quotation marks omitted). Thus, the proposed Third-Party Complaint does not suffer from lack of substance.

Finally, as demonstrated above, permitting Truist and Wells Fargo to file the proposed Third-Party Complaint will avoid duplicative suits on closely related issues, conserve resources, and promote judicial economy. *See First-Citizens Bank & Tr. Co. v. Whitaker*, No. 1:16-CV-3463-SCJ, 2017 WL 7550763, at *6 (N.D. Ga. Apr. 6, 2017) (noting that one of the purposes of Rule 14 is to avoid duplicative suits on closely related issues).

## IV. CONCLUSION

For the foregoing reasons, Truist and Wells Fargo respectfully request that this Court allow them to file and serve the proposed Third-Party Complaint against Hirsch & Tucker in substantially the same form as is attached hereto as Exhibit "A."

A proposed Order granting this Motion is attached hereto as Exhibit "C" for the Court's convenience.

Respectfully submitted, this 31st day of January, 2022.

>  */s/ Victor L. Hayslip*
> Victor L. Hayslip,
> Admitted *Pro Hac Vice*
> vhayslip@burr.com
> Benjamin B. Coulter,
> Admitted *Pro Hac Vice*
> bcoulter@burr.com
> Kevin R. Stone
> Georgia Bar No. 830640
> kstone@burr.com
> Joseph H. Stuhrenberg
> Georgia Bar No. 398537
> jstuhrenberg@burr.com

*Attorneys for Defendants Truist Bank and Wells Fargo Bank National Association, Inc.*

**BURR & FORMAN LLP**
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2022, I electronically filed the foregoing **MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND MEMORANDUM IN SUPPORT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Dwight T. Feemster<br>DUFFY & FEEMSTER, LLC<br>340 Eisenhower Drive<br>Suite 800, Second Floor<br>Savannah, Georgia 31406 | Jeffrey W. DeLoach<br>EPPS, HOLLOWAY, DELOACH &<br>HOIPKEMIER, LLC<br>1220 Langford Drive<br>Building 200, Suite 101<br>Watkinsville, Georgia 30677 |

/s/ Victor L. Hayslip
Victor L. Hayslip,
Admitted *Pro Hac Vice*
vhayslip@burr.com
Benjamin B. Coulter,
Admitted *Pro Hac Vice*
bcoulter@burr.com
Kevin R. Stone
Georgia Bar No. 830640
kstone@burr.com
Joseph H. Stuhrenberg
Georgia Bar No. 398537
jstuhrenberg@burr.com

*Attorneys for Defendants Truist Bank and Wells Fargo Bank National Association, Inc.*

**BURR & FORMAN LLP**
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244